IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KEVIN DARNELL ROBINSON, #43250-037 *

Petitioner, *

Vs. * Civil Action No. WDQ-10-3109

UNITED STATES OF AMERICA, *

Respondent. *
\*\*\*

## MEMORANDUM

Pending is Kevin Darnell Robinson's *pro se* Petition for Writ of Error Audita Querela pursuant to 28 U.S.C. § 1651. For the following reasons, the Court will deny the Petition.

**I.     Background**

Robinson pled guilty to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922 (g) (1). On August 15, 2008, he was sentenced to 120 months incarceration. *United States v. Robinson*, Criminal Action No. WDQ-07-530 (D. Md).

In his Petition, Robinson asserts that he was not properly credited at sentencing for acceptance of responsibility. Petition, pp. 3-4. He states that because his claim "concerns this Court's exercise of discretion to award acceptance of responsibility levels, it cannot be said to be cognizable under 28 U.S.C. § 2255." Petition, p. 3.

In the plea agreement, the government agreed not to oppose a two-level downward adjustment for Robinson's acceptance of responsibility. ECF No. 1, Attachment 2, Plea, p. 4, ¶ 6. The government also agreed to move pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease for Robinson's timely guilty plea. *See id.* Robinson's 120- month sentence was within the final advisory guideline range contemplated by the plea agreement. Contrary to Robinson's assertions, credit for his acceptance of responsibility was a factor in the calculation of his sentence.

## II. Writ of Audita Querela

The Writ of Audita Querela was abolished in federal civil actions by amendments to Fed.R.Civ.P. Rule 60(b). Audita Querela relief may also still be available under extraordinary and extremely rare circumstances. *See United States v. Reyes*, 945 F.2d 862, 865-66 (5th Cir.1991) (collecting cases). Audita Querela may be available when a post conviction legal objection arises that could not have been raised in some other post-conviction proceeding, such as a 28 U.S.C. § 2255 motion to vacate. *See Alonzo v. United States*, 368 Fed. Appx. 467, 467 (4th Cir. 2010); *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001).

A Motion to Vacate Set-Aside or Correct Sentence under 28 U.S.C. § 2255 is the presumptive means for a federal inmate to collaterally attack a sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Robinson's claims are neither extraordinary nor precluded from consideration under collateral review; he has stated no factual or legal basis for relief.

## III. Conclusion

The Petition for Writ of Audita Querela under 28 U.S.C. §1651 will be DENIED by separate Order.

3/8/11
Date

William D. Quarles, Jr.
United States District Judge